IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECURED MAIL SOLUTIONS, LLC, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-cv-00873 |
| | ) | |
| ADVANCED IMAGE DIRECT, LLC, | ) | Judge Amy J. St. Eve |
| ET AL, | ) | |
| | ) | PUBLIC REDACTED VERSION |
| Defendants | ) | |
| | ) | |

**SMS'S OPPOSITION TO MICRODYNAMICS' MOTION FOR RULE 11 SANCTIONS**

## I. INTRODUCTION

Microdynamics Corporation ("Microdynamics") seeks a ruling on the merits of the case under the guise of a premature Rule 11 motion for sanctions against plaintiff Secured Mail Solutions ("SMS"). This thinly disguised motion to dismiss should be rejected out of hand as frivolous, and SMS awarded its fees in opposing it.

This is not Microdynamics' first motion for sanctions. The first was filed before the case was transferred to this Court. *See* No. SACV 12-1119 ("12-1119") at D.I. 40. In it, Microdynamics argued that it does not "verify the authenticity" of mail pieces and that SMS, therefore, failed to conduct a reasonable factual pre-suit investigation. *Id.* SMS demonstrated in opposition that Microdynamics' own website states "Microdynamics enhances quality control by verifying each mail piece as it comes off the line." *See* Microdynamics' Website, Ex. A at 1. Seeking to avoid the admission that it "verif[ies]" mail and implicitly conceding that SMS's factual investigation was adequate, Microdynamics now argues that SMS's claim construction is unreasonable and frivolous. But that argument is entirely premature. No party has presented its arguments or briefing on claim construction issues or the merits of infringement. Indeed, the Federal Circuit in a case described by Microdynamics as "directly on point" recognized that it is "impossible to determine if [plaintiff's] claim construction and infringement positions" lack merit "[w]ithout a full claim construction analysis." *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314 (Fed. Cir. 2011). *All* of the patent cases Microdynamics substantively relies upon involve the consideration of sanctions *after or in connection with* claim construction and/or summary judgment. Microdynamics should have known that its motion is premature at this early stage.

Microdynamics also contends that SMS's indirect infringement claims are frivolous and that it unreasonably failed to join the United States Postal Service ("USPS") in the suit. Both of these issues are pending before this Court on a motion to dismiss. Regardless of the outcome of that motion, SMS's positions are not frivolous. Judge Carter in the Central District of California has already rejected the indispensable party issue and there is a plain District split regarding whether indirect infringement can be predicated on knowledge of the patent via the complaint in

1

the action. In fact, numerous cases in the Northern District of Illinois have upheld indirect infringement claims on just such facts. It is Microdynamics' motion—not SMS's complaint—that is baseless. It should be denied.

## II.   BACKGROUND

### A. Procedural Background

SMS filed its original complaint in California alleging R.R. Donnelley & Sons and Microdynamics infringe U.S. Patent Nos. 7,814,032 ("the '032 Patent"), 7,818,268 ("the '268 Patent"), and 8,073,787 ("the '787 Patent") (collectively, the "Asserted Patents") on July 9, 2012. *See* 12-1119 at D.I. 1. On August 8, 2012, Microdynamics served SMS with a Notice and Motion for Sanctions Under Rule 11. The parties met and conferred and, in an effort to provide more clarity regarding the infringement allegations, SMS filed the First Amended Complaint ("FAC") on August 22, 2012. *Id.* at 23. The FAC specifically averred that Microdynamics engages in infringing conduct that is independent of any IMb specification provided by the USPS. 12-1119 D.I. 23 at 3. The FAC further identified the particular software (e.g., Crawford software, together with software developed by Microdynamics) that SMS believes Microdynamics uses to infringe the Asserted Patents. *See id.* The FAC also identified activities that SMS believes Microdynamics engages in that infringes the Asserted Patents. *See id.* at 5-9. Despite the FAC, Microdynamics filed the motion on September 7, 2012, which SMS opposed.

On October 11, the California court issued an Order to consolidate three cases asserting the same patents for discovery and pretrial purposes. *See* No. SACV-12-1090 ("12-1090") at D.I. 36; 12-1119 at D.I. 40. The Court ordered all pleadings struck and ordered SMS to file an amended complaint on October 29, 2012. SMS timely filed the SAC, which added additional detail to address Defendants' concerns regarding the FAC. 12-1090 at D.I. 39. On November 26, 2012, all consolidated defendants filed a joint motion to dismiss on the issue of indispensable party and attacking SMS's indirect infringement allegations. 12-1090 at D.I. 54. On December 7, 2012, Defendants R.R. Donnelley and Microdynamics filed a motion to sever and transfer. 12-1090 at D.I. 64. Microdynamics served SMS with another Notice and Motion for Sanctions

Under Rule 11, but it did not get filed because, on January 30, 2013, the California court severed and transferred R.R. Donnelley and Microdynamics to this Court. 12-1090 at D.I. 74. The California court also granted in part and denied in part the motion to dismiss with respect to the non-severed defendants under Ninth Circuit law. *Id.*

### B. The Asserted Patents

The three Asserted Patents are all related and share a common specification. Todd Fitzsimmons, the sole inventor, originally filed the application that became the '268 Patent on October 15, 2002 (claiming priority to an October 16, 2001 provisional application). The '032 and '768 Patents are both continuations of the application for the '268 Patent. Generally, the patents relate to systems and methods for transmitting mail verification data over a network in response to receiving and authenticating mail identification data.

### C. Microdynamics' Prior Rule 11 Motion

As described above, this is not the first Rule 11 motion filed by Microdynamics. In the first motion, Microdynamics argued (1) SMS's complaint was baseless because all independent claims require "verifying the authenticity of" mail and Microdynamics does not provide "verification data;" (2) "mail carrier action" limitations are not performed; (3) mail carriers (including the USPS) are necessary parties; and (4) SMS did not perform a reasonable and competent pre-suit investigation. 12-1119 D.I. 26. SMS responded with the following, among other, points: (1) Microdynamics' website says that it "enhances quality control by verifying each mail piece as it comes off the line;" (2) "mail carrier action" is not required; (3) the USPS is not a necessary party; and (4) SMS conducted a competent and thorough pre-suit investigation, including the review of hundreds of pages of public information gleaned from web searches, industry conferences, USPS research, and other public information provided by Microdynamics, Crawford Technologies, and the USPS. 12-1119 D.I. 32. In reply, Microdynamics attempted to explain away its admission, submitting a declaration and arguing that its verification and other services were provided using barcodes other than the IMb. 12-1119 D.I. 36 at 3, 36-2.

Facing a showing from **its own website** supporting SMS's pled infringement theories, Microdynamics shifts its Rule 11 theories in the instant motion.[1] The thrust of the current motion is that SMS failed to construe claim terms in a reasonable manner, not that it failed to perform a reasonable pre-suit factual investigation (although that assertion is still made in a footnote). In addition, Microdynamics no longer argues that it does not provide "verification data." Instead—in an apparent attempt to run from its website admission that it "verif[ies] each mail piece"—Microdynamics now argues that it does not "authenticate" a mail object (although it still focuses on the same language in the same allegedly representative claim, which requires "verify[ing] the authenticity of [a] physical mail object.") Microdynamics also still asserts that "mail carrier action" limitations are not performed and that the USPS is a necessary party. It also argues that SMS's indirect infringement allegations are frivolous. That Microdynamics shifts its non-infringement arguments—from "verification" to "authentication" even though it relies on the same language in the same allegedly representative claim— demonstrates that Microdynamics filed its first Rule 11 motion without conducting a reasonable investigation of its basis for sanctions. It also underscores that claim construction and infringement should not be determined at this early stage in the context of a Rule 11 motion.

### III. LEGAL STANDARD FOR RULE 11 MOTIONS FOR SANCTIONS

Federal Rule of Civil Procedure 11(b)(2) states:

By presenting to the court a pleading, written motion or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ."[2]

---

[1] Microdynamics served a second Rule 11 motion after Judge Carter consolidated several cases and struck all pleadings. That motion was never filed due to the transfer to this Court, but the arguments are similar to those made in the instant motion.

[2] In its prior Rule 11 motion, Microdynamics relied on Rule 11(b)(3), which states that the signing attorney certifies that "the factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." 12-1119 D.I. 26 at 10.

4

Although the Court of Appeals for the Federal Circuit has exclusive jurisdiction over patent claims, it applies the law of the regional circuit in which the district court sits to issues not unique to patent law. *See Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1299 (Fed. Cir. 2004) (applying Ninth Circuit law to a denial of a motion for sanctions under Rule 11).

"Rule 11 imposes a duty on attorneys to ensure that any papers filed with the court are well-grounded in fact, legally tenable, and not interposed for any improper purpose." *Brunt v. Service Employees Intern. Union*, 284 F.3d 715, 721 (7th Cir. 2002) (internal citations omitted). The rule is principally designed to prevent baseless filings. *Id.* (affirming district court's decision not to impose Rule 11 sanctions). Once a party submits a motion for sanctions under Rule 11 based on non-frivolous allegations, the burden shifts to the non-movant to demonstrate that the party conducted a reasonable inquiry under the circumstances. *See Digeo, Inc. v. Audible, Inc.*, 505 F.3d 1362, 1368 (Fed. Cir. 2007) (*quoting View Eng'g Inc. v. Robotic Vision Sys.*, 208 F.3d 981, 986 (Fed. Cir. 2000)). But sanctions should be reserved for truly egregious conduct, not cases where the plaintiff had some good faith basis for the complaint. *See NorthMobileTech LLC v. Simon Prop. Group*, 2012 U.S. Dist. LEXIS 42029, at *27 (W.D. Wis. Mar. 27, 2012) (advocacy of "unusual interpretation" was "unconvincing" but not "unsupported by . . . colorable legal arguments;" so plaintiff was "not frivolous in seeking to bring infringement claims before the court in order to test out its theories.").[3]

## IV. ARGUMENT

SMS's claims are firmly grounded in law and fact. Microdynamics asserts that the complaint is improper because: (1) Microdynamics does not infringe the patents under a "reasonable" construction of claim terms; (2) SMS asserted indirect infringement claims; and (3) SMS failed to name the USPS in the lawsuit. As will be shown below, and as is further articulated in response to Microdynamics' motion to dismiss, SMS's claims are meritorious and the bases for filing the complaint do not implicate the USPS.

---

[3] All unpublished cases are appended hereto as Exhibit E.

### A. Microdynamics' Motion is Baseless
#### 1. Microdynamics' Motion is a Premature Attempt to Litigate the Merits Prior to Claim Construction

Microdynamics has seized its latest preliminary non-infringement argument for one allegedly representative claim and spun it into a motion for sanctions. Microdynamics attempts to disguise its non-infringement arguments as SMS's alleged failure to "construe the claim terms in a reasonable and non-frivolous manner." D.I. 110 at 6. These arguments are without merit and premature—claim construction is still months away.

In support of its "frivolous claim construction" argument, Microdynamics asserts that *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361 (Fed. Cir. 2012) and *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314 (Fed. Cir. 2011) are "apposite" and "directly on point." D.I. 110 at 11-12. *Raylon* and *Eon-Net* are nothing like this case. Both cases involved the imposition of Rule 11 sanctions *after or in connection with* claim construction and only *after* non-infringement had been established.[4] *Raylon*, 700 F.3d at 1366 (district court held consolidated hearing in which it construed claim terms, granted summary judgment, and then denied Rule 11 motion); *Eon-Net*, 653 F.3d at 1319-20 (district court construed claim terms, plaintiff stipulated to non-infringement, then defendant moved for Rule 11 sanctions).

In fact, if *Raylon* and *Eon-Net* are pertinent at all, they suggest that Microdynamics' Rule 11 motion should be denied. The Federal Circuit reversed an early award of Rule 11 sanctions in a prior *Eon-Net* appeal because "[w]ithout a full claim construction analysis, including a consideration of Eon–Net's claim construction arguments, we held that it was impossible to determine if Eon–Net's claim construction and infringement positions were without merit."

---

[4] *Eon-Net* also involved other egregious facts that are not present here. *Eon-Net*, 653 F.3d at 1324-29 (affirming sanctions under 35 U.S.C. § 285 and Rule 11 where offending party filed over 100 lawsuits against diverse defendants to exploit nuisance value settlements, destroyed documents, failed to offer a construction for disputed claim terms, lodged misleading extrinsic evidence, submitted declarations that contradicted deposition testimony, and generally displayed a "lack of regard for the judicial system"). Microdynamics states that SMS has already filed "three separate lawsuits alleging infringement by 17 defendants, with proceedings in two U.S. district courts." D.I. 110 at 15. SMS filed all suits in the Central District of California. This case is here because Microdynamics moved to transfer. And many of the 17 parties are part of the same defendant group (i.e., SMS sued 9 related Harte-Hanks entities).

6

*Eon-Net LP*, 653 F.3d at 1319, *citing Eon–Net LP v. Flagstar Bancorp*, 249 Fed.Appx. 189, 198 (Fed.Cir.2007) (unpublished). The *Eon-Net* decision Microdynamics now relies on involves the sanctions awarded after remand (after claim construction and summary judgment). This Court should similarly decline to rule on the reasonableness of claim construction until the parties have fully briefed and the Court has fully considered those issues.[5]

That approach is sensible. "Claim interpretation is not always an exact science, and it is not unusual for parties to offer competing definitions of even the simplest claim language. In this case, however, it is not for us to determine whether [plaintiff's] pre-filing interpretation of the asserted claims was correct, but only whether it was frivolous." *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004). It, therefore, makes sense to evaluate claim construction positions after the Court has formally construed the claims and after (or in connection with) a decision on infringement. *See also Lanphere v. 1 Corp.*, 2012 U.S. Dist. LEXIS 76520, at *8 (N.D. Ill. Apr. 23, 2012) (quoting Rule 11 advisory committee notes, which state "it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation . . . .").

### 2. SMS Articulated a Meritorious Argument for Infringement

Rule 11 sanctions for a patent infringement claim are only appropriate if the claims are legally unreasonable or without factual basis. *See NorthMobileTech LLC*, 2012 U.S. Dist. LEXIS at *27. There is no requirement that every claim of every patent asserted must read on the defendant's conduct—one claim in each patent is sufficient. *See View Eng'g Inc. v. Robotic Vision Sys.*, 208 F.3d 981, 986 (Fed. Cir. 2000). Microdynamics identifies two alleged limitations ("authentication" and "mail carrier action") and sweepingly proclaims that "one or both" are "contained in every independent claim of the Asserted Patents under any objectively reasonable construction." D.I. 110 at 7. Microdynamics contends that it does not "authenticate[]

---

[5] To the extent this Court is inclined to entertain the merits of Microdynamics' Rule 11 motion on claim construction at this time, SMS requests the opportunity to fully brief the claim construction issues so that the Court can make a full claim construction analysis on a proper record.

7

any mail object," that the "mail carrier action . . . . limitations are either not performed at all . . . or are performed by the USPS." *Id.* at 10. Based on these arguments, Microdynamics argues not just that it does not infringe, but that SMS's infringement allegations are frivolous. Microdynamics is incorrect.

### a. "Authentication"

In a quick sleight of hand, Microdynamics takes a series of disparate terms and refers to all of them as "authentication"—just as it did in its prior Rule 11 motion with the term "verification data."[6] *Id.* at 7-8. This gross generalization is not appropriate, but is the basis of Microdynamics' non-infringement argument: that it does not "verify the authenticity of mail" or "authenticate" a mail object. D.I. 110 at 7. That Microdynamics has non-infringement arguments is no surprise and does not make the complaint frivolous. If so, then Rule 11 damages would be awarded in every case in which infringement is disputed. The merits of the non-infringement arguments should be considered in due course, not in this motion for sanctions.

Relying on statements made to the Board of Patent Appeals regarding Claims 1 and 22 of the '268 Patent, Microdynamics argues that each independent claim requires "authentication." D.I. 110 at 8. The construction of those claims will occur in due course after the Court has considered all pertinent intrinsic and other evidence and after full briefing by the parties—not in a premature motion for sanctions. Microdynamics also attempts to bootstrap this "authentication" requirement into Claims 41 and 50 of the '787 Patent because it is related to the '268 Patent. Whether those statements affect the other patents or claims is again a question for claim construction. Moreover, Claims 41 and 50 of the '787 Patent do not even contain the words "authenticate" or "verify." Microdynamics does not explain how an "authentication" limitation is read into those claims by virtue of statements made in connection with the prosecution of the '268 Patent (other than a general proposition that statements made in related

---

[6] As noted above, Microdynamics abandoned its argument that it does not "verify" mail objects once faced with conflicting evidence from its website. Microdynamics also all but dropped its argument that SMS failed to conduct an adequate factual investigation prior to filing suit.

8

applications could be relevant to claim construction). And it fails to offer a non-infringement theory for such claims that do not require "verifying the authenticity" of a mail piece.

Microdynamics asserts factually that it "does not read, scan or derive data from IMbs printed on mail objects" and that it, therefore, cannot "authenticate" mail objects. D.I. 110 at 4. Many of the claims do not require scanning an IMb from a mail object (i.e., Claim 1 of the '268). Even for those that do, Microdynamics would have this Court believe that it does not do any scanning or verification when it processes mail. According to its website, however, Microdynamics uses an exit camera system and, using "barcoding and exit scanners, . . . verifies each mail piece as it comes off the line." Ex. A at 1.

Regardless, SMS has a reasonable basis to believe that Microdynamics performs the step of "verifying the authenticity" of mail, as recited Claim 1 of the '032 Patent (Microdynamics' "generally representative" claim). First, what exactly is Microdynamics doing when it "verif[ies] each piece of mail" as it advertises on its website? Ex. A at 1. Second, the Declaration of Charles Wilson submitted with Microdynamics' moving papers shows that Microdynamics gathers information on each piece of mail and provides "detail and summary reporting of scan results to internal staff and clients" (D.I. 110-3 at ¶ 2) which is believed to include "authenticating" or "verifying the authenticity of mail." ███████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

9

██████████████████████████████████████████████████████████████[7]

Finally, Microdynamics attempts to explain away the evidence cited in the SAC. This only demonstrates that SMS's claims were not baseless given the public record available pre-filing. Notably, many of the points made by Microdynamics are not apparent on the face of the documents they cite. For example, Microdynamics claims that the "invaluable tool set" and "piece-level" information referenced on its website "plainly relates to mail *tracking* using the USPS' Tracing service." D.I. 110 at 9. There is nothing plain about that. The Microdynamics website states that an "ePIN [] created by Microdynamics can be used with the USPS Confirm Service to track both outbound and inbound mail" and that "Microdynamics can provide mailpiece status that includes tracking and delivery information for a specific mailpiece." *See* Lam Declaration, Exhibit 4. This suggests that Microdynamics provides services that go above and beyond that provided by the USPS. Similarly, Microdynamics states that Crawford's PRO Indexer "extracts name and address information from a mail object before any IMb is generated." D.I. 110 at 10. But nothing in the cited document demonstrates that to be true. On the contrary, the document describes Crawford's "approach" as: "Operations Express document re-engineering solution to achieve their USPS IMb requirements. Microdynamics then used PRO Indexer software to extract the name and address information from the mail piece." Lam Declaration, Exhibit 5. This language suggests that the name and address information was extracted after the IMb requirements were met. In any event, these are non-infringement arguments that Microdynamics can pursue during litigation—not a basis to seek sanctions.

---

[7] ██████████████████████████████████████████████████████████████████

10

### b. "Mail Carrier Action"

Microdynamics erroneously asserts that certain claims cover the actions of the mail carrier.[8] Again, this motion is not the place for assessing the merits of claim construction and infringement. Even if true (which it is not), Microdynamics is implicitly admitting that certain other claims do not include this limitation. Such a half-hearted non-infringement argument cannot support a Rule 11 sanctions motion. Microdynamics specifically cites to Claim 41 of the '787 patent as requiring "mail carrier action" for its argument that it does not infringe certain claims and its argument that the USPS is a necessary party. D.I. 110 at 8. A detailed review of claim 41 reveals no mail carrier action – the claim does not even require the step of "submitting the physical mail object to a mail carrier." Claim 41 reads:

> A method for providing electronic data concerning a mail object having mail identification data encoded into a single barcode and affixed to said mail object, comprising:
> receiving by at least a first computer at least a first portion of said mail identification data from said mail object, said mail identification data including a shipping portion including at least shipping method data, a recipient portion including destination data for said mail object, a sender portion, and an identifier portion comprising a numeric value, and said first portion of said mail identification data consisting of said shipping portion, said sender portion, and said identifier portion;
> determining by said at least said first computer whether said first portion of said mail identification data is stored in a database in communication with said at least said first computer;
> providing by said at least said first computer said electronic data to at least a second computer via a network, wherein said electronic data is generated when said first portion of said mail identification data matches data that is stored in said database.

Nothing in the claim requires USPS involvement; the complaint is directed to the value-added services provided by Microdynamics. One example of the value-added service that is separate and distinct from any USPS requirement is the way that Microdynamics "continually cross-checks [the] data to ensure that every mail piece is accounted for and processed to your specifications. With file based technologies, even late pulls are automated." Ex. A at 1. The matching of the mail identification data, for example, is done by Microdynamics in the

---

[8] Some of the claims identified by Microdynamics have not been asserted by SMS against Microdynamics (*i.e.*, Claim 18 of the '268 Patent and Claim 50 of the '787 Patent).

11

Microdynamics facility when certain mail items have to be pulled from the mailing. While the claim language does recite the use of a network, this does not mean that a third party is required—the internal Microdynamics computer network satisfies this claim limitation. Microdynamics can send and receive this data within its own network and still infringe.

Even in Microdynamics' "generally representative" claim, the only step that even relates to a mail carrier is the step reciting "submitting said physical mail object to a postal carrier." This step does not require action by a mail carrier. Nothing in the claim language or specification limits the order of the steps, so Microdynamics could do this last after completing all other limitations. *See Interactive Gift Express, Inc. v. Compuserve Inc.*, 256 F.3d 1323, 1342-1343 (Fed. Cir. 2001). Moreover, the plain grammatical structure of the phrase shows that the actor **who** submits the mail object—who performs the infringing step—is **not** the postal carrier.

### 3. SMS Did Not Assert Legally Baseless Indirect Infringement Claims

Microdynamics argues that SMS's indirect infringement claims are "legally baseless." D.I. 110 at 12. The Court will address the merits of this issue in Microdynamics' pending motion to dismiss, D.I. 106. In both motions, Microdynamics relies heavily on Judge Carter's ruling in the California action that the knowledge element for indirect patent infringement cannot be established by the complaint or previous complaints in the same lawsuit. *See* D.I. 74 at 12. Judge Carter relied on his own prior decision in *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681, 2012 U.S. Dist. LEXIS 70614, at *14 (C.D. Cal. May 16, 2012), in which he acknowledged that the requirements for pleading notice for indirect infringement vary by district. The fact that the pleading notice requirements vary by district alone demonstrates that SMS's indirect infringement claims are not legally baseless. Contrary to Judge Carter's ruling, however, courts in *this* District have regularly held that "[d]efendants' knowledge of the patent as of the time of the suit's commencement can satisfy the knowledge requirement for conduct that post-dates the date of the complaint." *Intellect Wireless Inc.*, No. 10-cv-6763, 2012 U.S. Dist. LEXIS 31669, at *11 (N.D. Ill. Mar. 9, 2012). Similarly, another court in this District saw "no reason why a defendant who is directly infringing on a product should avoid liability for an

indirect infringement claim when it continues to sell the allegedly infringing product and encourages others to infringe, simply because it happened to learn of the patent in connection with a lawsuit." *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, Nos. 10-cv-715 et al., 2011 U.S. Dist. LEXIS 99415, at *16 (N.D. Ill. Sept. 2, 2011). Under the law in this District, therefore, SMS's indirect infringement allegations are not just non-frivolous; they are sufficient to plead indirect infringement. SMS's arguments on the merits of this issue are set forth in detail in its opposition to Microdynamics' motion to dismiss. *See* D.I. 107.

### 4. SMS Did Not Fail to Join a Necessary Party

Microdynamics also asserts that a "reasonable investigation . . . . would have made it apparent that the USPS is a necessary party . . . ." D.I. 110 at 14. The Court will address the merits of this issue in Microdynamics' pending motion to dismiss, D.I. 106. As SMS explained in its opposition to that motion, D.I. 107, SMS brought this suit because Microdynamics' conduct infringes its patents. Microdynamics uses the IMb data in ways that go beyond the mere printing on a mail piece required for the USPS discount. Microdynamics "continually cross-checks [the] data to ensure that every mail piece is accounted for and processed to your specifications. With file based technologies, even late pulls are automated." Ex. A at 1. They also use their own tracking/reporting system to "track both outbound and inbound mail" and "provide mailpiece status that includes tracking and delivery information for a specific mailpiece." *See* Lam Declaration, Ex. 4. The USPS does not take an active role in these extra services, nor does it require them for a discount. As SMS has repeatedly told Microdynamics, it is those extra services that are the subject of this lawsuit. ████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████

For these reasons, Judge Carter denied an almost identical indispensable party motion involving the exact same Second Amended Complaint as to different parties. Judge Carter ruled

13

that the USPS's business interests are insufficient under Rule 19 and that the California defendants "have not satisfactorily shown that the USPS is a necessary party." 12-1090 at D.I. 74 at 15. Judge Carter's rejection of the indispensable party argument demonstrates that SMS's position is correct—and, at the very least, reasonable and non-frivolous.

### 5. SMS and Its Counsel Engaged in Reasonable Inquiry Before Filing the Present Action

Although not an explicit basis for the Rule 11 motion, Microdynamics still argues in a footnote that a "limited and cursory factual investigation" is an independent basis on which a Rule 11 violation may be found. D.I. 110 at 10, n.4. There is no Rule 11 violation here, however, because SMS conducted a reasonable pre-suit investigation. Before filing this lawsuit, SMS's president, Todd Fitzsimmons, and its counsel reviewed and analyzed the Asserted Patents, the lengthy file histories, and preliminarily construed the claim terms. Winter Decl. at ¶ 7-8. SMS and its counsel also reviewed and analyzed hundreds of pages of public information gleaned from web searches, industry conferences, USPS research, and other public information provided by Microdynamics, Crawford Technologies, and the USPS. *Id.* at ¶ 9. In addition to reviewing Microdynamics' website, SMS and its counsel reviewed websites of associated parties who provide service to Microdynamics, and companies to which Microdynamics provides services. *Id.* After reviewing these documents, Mr. Fitzsimmons and SMS's counsel conducted a privileged element-by-element analysis comparing Microdynamics services to the claims of the Asserted Patents.[9] *Id.* at ¶ 10. Based on this investigation, SMS and its counsel reasonably believe that Microdynamics is liable for infringing each of the Asserted Patents, both independently as a direct infringer, and in conjunction with third parties (such as customers) as

---

[9] A reasonable investigation before filing a patent infringement suit involves applying the claims of each patent to the accused method and concluding that there is a reasonable basis for finding infringement of at least one claim. *See View Eng'g Inc. v. Robotic Vision Sys.*, 208 F.3d 981, 986 (Fed. Cir. 2000). A claim chart is "not a requirement of a pre-filing infringement analysis, as the owner, inventor, and/or drafter of a patent ought to have a clear idea of what the patent covers without the formality of a claim chart." *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1301 (Fed. Cir. 2004). A declaration by the attorney who filed the suit is generally sufficient to establish what steps were taken pre-suit. *See Q-Pharma, Inc.*, 360 F.3d at 1300-1301 (declaration by the plaintiff's attorney rebutted defendant's allegation that there was "no evidence" that plaintiff's attorneys interpreted any of the claims of the patent before filing suit).

an indirect infringer. The investigation also revealed that the USPS is not a necessary party because the Asserted Patents are infringed by Microdynamics while performing actions beyond those required by the USPS.

### B. Microdynamics Filed a Frivolous Rule 11 Motion

"If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). Rule 11 is designed to prevent attorneys from filing frivolous papers, and specifically states that attorney's fees may be awarded to the prevailing party, not just the moving party. SMS urges the court to award the attorney's fees and expenses necessary to respond to this frivolous motion. Microdynamics filed its initial Rule 11 motion without properly investigating the basis for the motion, arguing that it does not "verify" mail objects and that SMS failed to conduct a reasonable pre-suit investigation. After SMS pointed out in opposition that Microdynamics' own website confirms that it "verify[es] each piece of mail," Microdynamics continued to search for an argument that SMS acted unreasonably. The thrust of the current motion is that SMS failed to reasonably construe the claims. But Microdynamics should know that it is premature for the Court to consider claim construction. *Eon-Net LP*, 653 F.3d at 1319. In addition, Microdynamics continued to argue that failing to join the USPS somehow makes SMS's complaint frivolous—ignoring that the merits of this argument have already been rejected by Judge Carter. While Judge Carter's decision may not be binding authority on this Court, it certainly demonstrates that SMS's position is not baseless. Similarly, Microdynamics continues to argue that SMS cannot predicate indirect infringement on knowledge of the patent via the complaint in this action, notwithstanding a clear District split on that issue and numerous N.D. Illinois cases upholding indirect infringement claims based on similar allegations. Whatever this Court decides on the merits of the pending motion to dismiss, SMS's arguments are not frivolous. It is Microdynamics' motion—not SMS's complaint—that is baseless.

### V. CONCLUSION

For all of the foregoing reasons, this Court should deny Microdynamics' Rule 11 Motion.

| | |
|---|---|
| Dated: May 2, 2013 | By: /s/ Dawn Sestito |

BRETT J. WILLIAMSON (*Pro Hac Vice*)
bwilliamson@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660-6429
Telephone: (949) 760-9600
Facsimile: (949) 823-6994

RYAN K. YAGURA (*Pro Hac Vice*)
ryagura@omm.com
DAWN SESTITO (*Pro Hac Vice)*
dsestito@omm.com
Alan D. Tse (*Pro Hac Vice*)
atse@omm.com
VISION L. WINTER (*Pro Hac Vice*)
vwinter@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

THOMAS E. WETTERMANN (ID No. 6230503)
wettermann@mhbb.com
S. RICHARD CARDEN (ID No. 6269504)
carden@mbhb.com
KIRSTEN L. THOMSON (ID No. 6293943)
thomson@mbhb.com
**MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP**
300 South Wacker Drive
Chicago, Illinois 60606
Tel.: (312) 913-0001
Fax: (312) 913-0002

Attorneys for SECURED MAIL SOLUTIONS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2013, I caused this document to be electronically filed with the Clerk of the Court using the ECF System of the United States District Court for the Northern District of Illinois, which will send notification of such filing to, constituting service of this document on, all filing users.

/s/ *Dawn Sestito*